DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAY LAKE,**
Appellant,

v.

**CANDACE LAKE,**
Appellee.

No. 4D15-1317

[November 12, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502013DR008999XXXXSB.

John E. Schwencke and Christopher R. Bruce of Nugent Zborowski & Bruce, North Palm Beach, for appellant.

Edward J. Jennings of Edward J. Jennings, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

In a pending dissolution of marriage case, the husband appeals a non-final order on the wife's motion for temporary support/alimony, attorney's fees, costs, and suit monies.[1] Although the order on appeal raises certain questions,[2] the husband failed to preserve any errors for appeal.

---

[1] He does not challenge the award of temporary support, but raises issues concerning the sufficiency of the evidence to support the award of attorney's fees and litigation costs, the lack of findings in the order awarding attorney's fees, and an injunction freezing the husband's life insurance policies to preserve their cash value.

[2] For one thing, the wife's forensic accountant presented the trial court with a fee statement totaling $1,782.50, and a budget for projected accounting fees and costs totaling $17,332.50. The trial court awarded the wife $17,000 in projected accounting fees and costs, but also awarded her $7000 in accounting fees due and owing because the accountant testified that, in preparing for the hearing, he had done considerable work beyond what was reflected in the fee statement, and he had only a little left to do. It seems likely at least some of the $17,332.50 in projected work actually was included in the $7000 of work already done.

Accordingly, we affirm, but without prejudice to the husband's challenging the fees at the time of the final judgment. *See Ghay v. Ghay*, 954 So. 2d 1186, 1190 (Fla. 2d DCA 2007) (recognizing that temporary support orders do not create vested rights, can be modified, and inequities in them can be resolved in the final judgment).

*Affirmed without prejudice to challenging temporary fees at the time of final judgment.*

WARNER, STEVENSON and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**